# THOMPSON v. TWETO.

(134 N. W. 743.)

**Conversion — motion for directed verdict — error in instructions.**

> An action brought, based on the alleged conversion by defendant of personal property. Evidence examined and defendant's motion for directed verdict *held* properly denied. Error assigned on instructions *held* untenable. The verdict decided the only issue involved, that of title to such property.

Opinion filed January 23, 1912.

Appeal from the District Court of Richmond county; *Allen,* J. Affirmed.

*Purcell & Divet,* for appellant.

*Wolfe & Schneller,* for respondent.

Goss, J. This is an action brought for defendant's conversion of a team alleged to belong to the plaintiff. Its decision depends upon which of the parties litigant owned the team. The time involved is from October, 1907, to the following August. For some years previous to the first date mentioned, plaintiff had been in possession as owner of a half section of land, until the issuance to defendant, in July, 1907, of a sheriff's deed on foreclosure; plaintiff, however, continued in possession until the end of the crop season of 1908. In October, 1907, plaintiff and defendant discussed a purchase of the land by plaintiff. The land was then owned by a bank of which defendant was a managing officer, and which bank formerly owned the mortgage foreclosed. The terms of the contemplated sale were partially agreed upon. Plaintiff was to pay a certain amount, $4,500 of which was to be obtained by a mortgage loan on the premises, the proceeds thereof to be turned in as a part payment to the owner of the land. According to plaintiff, defendant was to accept this team as a further $300 payment on the land, and, in addition thereto, accept plaintiff's second mortgage on the premises, securing the balance of the purchase price; defendant claims $1,000 was to be paid of the balance remaining of the purchase price, including therein $300 as the agreed value of the team in question. No cash

payment was ever made on the land, and no deed or contract in writing was executed. Naturally the first step in the sale was to float the loan. To do this plaintiff executed two applications to different loan agencies, leaving them with defendant, who was to procure the loan. Both parties throughout the winter and following spring endeavored to place the proposed loan with various money loaners, but they were unable to do so, and no mortgage was ever executed. About harvest time in July or August, 1908, defendant had arranged to obtain the money in this manner, when plaintiff abandoned the transaction and the land. He had meanwhile received the benefit of the 1908 crop, already harvested, and taken by his mortgagee, a third party bank. Plaintiff throughout the course of these proceedings had remained in possession of and cropped the land, under the belief that the arrangement which had been entered into in October, 1907, would be carried out. In 1909, the bank sold this land to a third party, and no effort has ever been made to treat the transaction other than as abandoned; except that defendant claims that the horses were turned over on the deal as a part payment for the land, as the result of which title to the horses would pass to defendant and defeat recovery in this conversion suit.

The foregoing furnish the setting for the more important facts directly concerning the title to the team. The possession of the team was taken by defendant in October, 1907, soon after this proposed arrangement was had. Concerning the immediate taking, the facts are in dispute, excepting that defendant procured possession of the team from a third party in whose possession plaintiff had temporarily placed it. Plaintiff avers the taking was unauthorized, and that the horses were not to be turned over at that or any subsequent time, until the sale of the farm was actually closed by the procurement of the loan, the deeding of the farm, and the completion of the contemplated land sale agreement, and that plaintiff suffered the team to remain with defendant because of his expectation that the farm deal would be closed in the near future. After defendant refused to deliver the horses to plaintiff, having sold one of them in July or August, 1908, this action for conversion was brought. Defendant, on the contrary, testifies to a delivery of the team on the contract for the sale of the farm that plaintiff told him where the horses were and to go and get them; in pursuance of which he took possession of them as a payment on the land deal and as property so

22 N. D.—34.

sold the bank; he denies any subsequent request by plaintiff for the return of the team. In short, defendant claims that the bank became the owner of the horses under the terms of the land agreement when he procured possession of them, and that his obtaining possession constituted a delivery to him by plaintiff under a sale of the horses to the bank. He admits the subsequent sale of one of the horses by the bank. He claims to have notified plaintiff that in all this dealing he was acting only as the representative of the bank, and not individually. Plaintiff denies that the team was turned over to the bank or that the bank was interested in any way in it.

The issue, as litigated, was one of title. If ownership of the team after defendant procured its possession remained in plaintiff, this action will lie. Conversely, if defendant obtained possession as a delivery thereof under a sale, title passed, and this action should be dismissed. The court so instructed the jury, and on this dispute, on conflicting testimony, the jury found for the plaintiff on all the issues involved. It thereby found in accord with plaintiff's version, that the property had remained plaintiff's property and never had been sold. If no reversible error appears, this finding of fact by the jury must settle the controversy.

An examination of the instructions discloses that the jury were instructed on the issue of passing of the title to the property in question. The court, in substance, informed the jury that if the plaintiff parted with title to the horses to defendant, or the bank, they should find for the defendant. While the instructions are not as specific in this particular as to the bank as they are to the defendant, we are satisfied that the necessary inference to be drawn from the instructions is as above stated; and in the absence of any request for more definite instructions, counsel for appellant is, on that score, in no position to complain.

Appellant assigns error on the court's denial of his motions for directed verdict, based on the contention that the evidence affirmatively, and without substantial contradiction, established that the transfer of possession of the horses was a transfer of the then right of possession thereof, and that the act of plaintiff in leaving the possession of the horses in defendant constituted an election of remedies, to the effect that the horses became a part of the consideration for the oral contract of sale of the lands; and that if any right of recovery exists in favor of plaintiff therefor, it is not for the conversion of the horses,

but for a specific performance of the oral contract of sale as partly performed or damages arising from the failure of the defendant to carry out said contract. That by plaintiff's acts of election and recognition of said executory land contract after possession of the horses by defendant, plaintiff waived any right to recover said horses, either in replevin or conversion.

Defendant's motion assumes, notwithstanding conflicting testimony thereon, that the possession of the horses was actually obtained under the agreement, and that the horses constituted a payment at the time upon an otherwise wholly executory oral contract of sale of land, and were delivered, accordingly, as a partial performance of such contract. On this proposition the finding of the jury on the question of title is a finding of fact adversely to such assumed facts, inasmuch as the jury could not find as a fact title to have remained in the plaintiff, and there exist a parting of title to defendant as a part performance under the contract. On the facts, then, the title to the team never having passed, it cannot be asserted any sale was made or that the transfer of possession was any part performance of the land contract, the parties agreeing without conflict that it was only when the title to this team passed that $300 was to be considered as paid upon the land. As title never passed, no payment was ever made, and the team transaction in no wise could constitute a partial performance of this land contract. And as to defendant or bank keeping possession, we fail to see how it effects the issue in the case. Likewise, any benefits plaintiff may have received under the land transaction resulting from the crop raised thereon or otherwise may be a matter for a separate action; but inasmuch as it cannot affect the title to the property here involved, the team, title to which by the verdict is established as a fact to have been in plaintiff, we cannot see how plaintiff, by permitting the team to remain with defendant, waived his title or right of possession thereof based upon title, or its equivalent,—an action in conversion for the value of such property. In other words, it matters not whether the land deal is or ever was enforcible as such, the jury having found, on conflicting testimony, that title to this property in suit never passed from plaintiff. Further than this, if title to the horses did not pass on delivery, and the jury found it did not, the evidence amply explains why the possession of the horses remained as it did with defendant. Both parties dealt

with the idea of a future consummation of the land sale, which remained wholly unexecuted, and regarding which it is in fact doubtful if the minds of the parties ever fully met as to the particulars necessary to consummate such transaction.

An examination of the assignments urged as error in the admission or exclusion of testimony shows the record to be free from reversible error in this respect. Many of the alleged errors assigned were subsequently cured by the later admission of such excluded testimony. The matter in the record most prejudicial to the defendant, and to which exception was taken, was the remarks of counsel for plaintiff to the jury in his argument of the case; but these are not assigned nor argued in the brief, and are therefore treated as waived. The judgment of the trial court is ordered affirmed.